1  Michele R. Stafford, Esq. (SBN 172509)
   Tino X. Do, Esq. (SBN 221346)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Bay Parkway, Suite 100
3  Alameda, CA 94502
   (510) 906-4710
4  mstafford@sjlawcorp.com
   tdo@sjlawcorp.com
5
   Attorneys for Plaintiffs, Operating Engineers'
6  Health and Welfare Trust Fund for Northern
   California, et al.
7

8               UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | OPERATING ENGINEERS' HEALTH AND        | Case No.:
   | WELFARE TRUST FUND FOR NORTHERN        |
12 | CALIFORNIA; RUSSELL E. BURNS and       |
   | JAMES E. MURRAY, Trustees;             | **COMPLAINT**
13 |                                        |
   | PENSION TRUST FUND FOR OPERATING       |
14 | ENGINEERS; RUSSELL E. BURNS and        |
   | JAMES E. MURRAY, Trustees;             |
15 |                                        |
   | PENSIONED OPERATING ENGINEERS'         |
16 | HEALTH AND WELFARE TRUST FUND;         |
   | RUSSELL E. BURNS and JAMES E.          |
17 | MURRAY, Trustees;                      |
   |                                        |
18 | OPERATING ENGINEERS AND                |
   | PARTICIPATING EMPLOYERS PRE-           |
19 | APPRENTICE, APPRENTICE AND             |
   | JOURNEYMEN AFFIRMATIVE ACTION          |
20 | TRAINING FUND; RUSSELL E. BURNS and    |
   | JAMES E. MURRAY, Trustees;             |
21 |                                        |
   | OPERATING ENGINEERS LOCAL UNION        |
22 | NO. 3 VACATION, HOLIDAY AND SICK       |
   | PAY TRUST FUND; RUSSELL E. BURNS and   |
23 | JAMES E. MURRAY, Trustees;             |
   |                                        |
24 | HEAVY AND HIGHWAY COMMITTEE; and       |
   |                                        |
25 | OPERATING ENGINEERS LOCAL 3 OF THE     |
   | INTERNATIONAL UNION OF OPERATING       |
26 | ENGINEERS, AFL-CIO,                    |
   |                                        |
27 |         Plaintiffs,                    |
   |                                        |
28 |                                        |

-1-

v.

DOTY BROS. EQUIPMENT CO. *dba* DOTY BROS. CONSTRUCTION, a California Corporation,

　　　　Defendant.

## Parties

1. The Operating Engineers' Health and Welfare Trust Fund for Northern California (which includes the Addiction Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, the Rehabilitation Plan, and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Russell E. Burns and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, and Affirmative Action Training Fund and have authority to act on behalf of all Trustees of those Funds. Russell E. Burns and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Vacation Fund and have authority to act on behalf of all Trustees of the Vacation Fund. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause

-2-

1. of action on its own behalf.

4. Doty Bros. Equipment Co. *dba* Doty Bros. Construction ("Doty Bros."), a California corporation, is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of the LMRA § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Collective Bargaining Agreement.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

8. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

9. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

### Bargaining Agreements

11. Defendant Doty Bros. entered into the Independent Northern California Construction Agreement (the "Independent Agreement") with the Union, which incorporates the Master Agreement between the Union and the Associated General Contractors of California, Inc. ("AGC Master Agreement"). The Independent Agreement and AGC Master Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements require employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreements.

12. Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendant is required to pay certain contributions to the Contract Administration Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Operating Engineers Industry Stabilization Trust Fund; and Business Development Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained Plans"). Plaintiffs' Boards of Trustees are assigned under the Bargaining Agreements to receive and administer monies due to these Bargained Plans.

13. Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month during which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the

amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

14.     The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Factual Allegations</u>

15.     Defendant has failed and refused to comply with an audit of its payroll records for the period from January 1, 2014 through December 31, 2017.

16.     Plaintiffs are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any additional months Defendant fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Audit Complaint, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 16, above.

18.     Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements and Trust Agreements to permit an audit of their records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay

-5-

1  Plaintiffs all amounts found due as a result of an audit, including audit fees.

2      19.    In addition, Defendant has a statutory duty to timely make the required payments to
3  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

4      20.    By refusing to permit an audit of its records, Defendant breached the Bargaining
5  Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

6      21.    Defendant's failure and refusal to permit the audit and pay the required contributions
7  was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and
8  incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged.
9  Said refusal is unjustified and done with knowledge and intent.

10      22.    ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing
11  and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all
12  obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381,
13  the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained
14  from continuing to refuse to perform as required thereunder.

15      23.    This Court is authorized to issue injunctive relief based on the traditional standard.
16  As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the
17  possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries.
18  The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

19      24.    This Complaint does not in any manner relate to statutory withdrawal liability that
20  may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to
21  pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs'
22  Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

    (a)    requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

-6-

   (b) enjoining Defendant from violating the terms of those documents and of ERISA; and

   (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

 2. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

    i. To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

    ii. To the Union in accordance with the Bargaining Agreements.

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

 3. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

 4. That the Court retain jurisdiction of this case pending compliance with its orders.

/ / /

/ / /

/ / /

/ / /

-7-

5. For such other and further relief as the Court may deem just and proper.

Dated: April 26, 2019

SALTZMAN & JOHNSON
LAW CORPORATION

By:       /S/
Tino X. Do
Attorneys for Plaintiffs, Operating
Engineers' Health and Welfare Trust
Fund for Northern California, et al.

-8-

P:\CLIENTS\OE3CL\Doty Bros Equipment Co\Pleadings\Complaint Audit Entry.docx

**COMPLAINT**
**Case No.**